Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | 6-3-2008 |
|---|---|---|---|
| CASE NUMBER | 08 C 2109 | DATE | JUN 03 2008 |
| CASE TITLE | | Andre Burnett (2006-0001798) v. Tom Dart, et al. | |

**DOCKET ENTRY TEXT**

Plaintiff Andre Burnett motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to deduct $10.00 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The clerk is directed to issue summons for service of the complaint by the U.S. Marshal on defendant John Muller. The other defendants are dismissed. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for the appointment of counsel [5] is denied without prejudice.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Andre Burnett (2006-0001798), an inmate confined at Cook County Jail, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Cook County Sheriff Tom Dart and several Cook County Jail officers. Plaintiff states that: he was charged with and found guilty of a disciplinary violation in October 2007; he was confined to administrative segregation for 29 days; his shoes that are worth $200 were confiscated; and he was denied a double mattress that had been prescribed by a doctor during the period of time he was in segregation. Plaintiff asserts that he was unable to obtain the return of his shoes and a double mattress after the 29-day period in segregation. Plaintiff states that he is 5'11", weighs over 300 pounds, has arthritis in his hip, and he asserts that the double mattress and shoes are necessary to prevent pain.

The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and the Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another facility.
(CONTINUED)

isk

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Here, accepting plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action against Superintendent John Muller. Plaintiff states that his shoes and double mattress are both needed to prevent pain for his condition, that he submitted several grievances to Muller, and that Muller's responses to the grievances essentially ignored plaintiff's requests. Plaintiff has sufficiently stated a claim such that Muller must respond to the allegations asserted against him in the complaint. *See* Fed. R. Civ. P. 8(a); *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). However, plaintiff's claims against the other Cook County officers involve only the disciplinary charge and hearing, and his complaint indicates that he received due process with respect to the disciplinary hearing. The complaint thus demonstrates that he does not have a claim against the other officers, Officer Holder, Lt. Julian, and Sgt. Robinson. *See Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). Nor does the complaint assert any allegations against Tom Dart to support a claim against him. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The defendants other than Muller are therefore dismissed as parties to this case.

The clerk shall issue summonses for service of the complaint on Superintendent John Muller. The clerk shall also send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Cook County Jail Division 5 Superintendent John Muller. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to any former jail employee who can no longer be found at the work address provided by plaintiff, the Cook County Jail officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).